# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WENDY WOLKENSTEIN, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> DAN HEINRICH, et al., <br><br> Defendant(s). | Case No. 2:25-cv-01138-APG-NJK <br><br> **REPORT AND RECOMMENDATION** <br><br> [Docket No. 1] |

Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Only Plaintiff Wendy Wolkenstein filed an application to proceed *in forma pauperis*.[1] The application identifies annual wages of $70,000, along with an additional $10,000 annual profit from rental property, *see* Docket No. 1 at 1, which greatly exceeds the federal poverty guidelines for a family of five, *cf. Andrea L.M. v. O'Malley*, 2024 U.S. Dist. Lexis 117157, at *2 (D. Nev.

---

[1] When multiple plaintiffs join in the same suit, they must each file an application to proceed *in forma pauperis* and each Plaintiff must qualify for *in forma pauperis* status. *See, e.g.*, *Remmert v. Newsome*, 2023 WL 1806277, at *1 (E.D. Cal. Jan. 31, 2023). Given the ability to pay found herein, the Court need not order Plaintiff Knepp to file her own application.

July 3, 2024). That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status, *see, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019), and the Court has rejected similar requests, *see Andrea L.M.*, 2024 U.S. Dist. Lexis 117157, at *2. Moreover, the application identifies only $1,800 in monthly expenses, which are amply covered by the income identified. *See* Docket No. 1 at 2. Lastly, the application identifies $1,000 in cash or bank accounts, along with $20,000 in stocks. *Id.*[2] In short, Plaintiff Wolkenstein is able to pay the filing fee.

Accordingly, the undersigned **RECOMMENDS** that the application to proceed *in forma pauperis* be **DENIED** and that Plaintiffs be required to pay the filing fee in prompt fashion within a specified timeframe.

Dated: June 27, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] The application is incomplete given that Plaintiff Wolkenstein identifies a mortgage, but fails to identify owned real estate and the value thereof. *See id.* at 2.