Wendy Wolkenstein;
Rebecca Knepp
401 Crown Royale Court
Henderson, NV 89002
wendy.wolk1107@gmail.com



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WENDY WOLKENSTEIN;<br>REBECCA KNEPP, | ) <br> ) | 2:25-cv-01138-APG-NJK |
| Plaintiffs, | ) | Dept. |
| | ) | |
| v. | ) | |
| | ) | |
| DAN HEINRICH; SAMUEL TILLERY. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| Defendants. | ) | (Jury Trial Demanded) |
| _____ | ) | |

COMES NOW, Plaintiffs Wendy Wolkenstein and Rebecca Knepp, appearing in proper person,

and bring this Complaint against Defendants Dan Heinrich and Samuel Tillery, each sued in their

individual capacity, and allege as follows:

INTRODUCTION

1. This action arises from a deliberate and unlawful investment fraud, in which Defendants schemed to induce Plaintiffs to wire their funds under false pretenses. Defendants misrepresented the legitimacy and security of an alleged investment in a Wyoming entity, "Rubicoin LLC," then routed funds into an account under the name "Elysium Fund."

2. Independent research by Plaintiffs revealed that the recipient account belonged to a canceled Delaware entity, Elysium Water Services LLC, operating under the trade name The Elysium Fund. As of June 1, 2021, the entity has been marked cancelled by the Delaware Secretary of State for failure to pay taxes.

3. The instructions for wiring funds and the terms of the investment were outlined in a SAFT contract, which falsely represented that the investment would be secured and profitable. The contract identified the same bank account name as used in the actual wire transfer.

4. Defendant Heinrich has continuously promised Plaintiffs full repayment of their funds, most recently in text messages sent on March 25, 2025, where he stated that "Rubicoin is finally moving & terms will be given the following day - expecting to be under contract before the upcoming weekend," and that "my intent with you is to pay you what you invested and get you out. I always give more than the actual amount."

5. Defendant Heinrich reiterated this promise by email on May 21 and May 27, 2025, stating his intent to repay both Plaintiffs in full, that he was working on ways to accomplish this, and that he hoped to issue full repayment as soon as incoming funds permitted. In these communications, he confirmed a total balance owed of $41,000 and stated his desire to reimburse it as soon as practical.

6. Defendants' conduct violates numerous federal and state laws, including wire fraud (18 U.S.C. § 1343), securities fraud (15 U.S.C. § 78j(b); SEC Rule 10b-5), civil theft under California law, breach of fiduciary duty, and various common law torts.

JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including 18 U.S.C. § 1343 (wire fraud) and 15 U.S.C. § 78j(b) and SEC Rule 10b-5 (securities fraud). Plaintiffs also bring related state law claims over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a), as the claims form part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the District of Nevada, and at least one Defendant resides in this District.

PARTIES

9. Plaintiff Wendy Wolkenstein is a natural person residing in Clark County, Nevada.

10. Plaintiff Rebecca Knepp is a natural person residing in Clark County, Nevada, and the adult daughter of Plaintiff Wendy Wolkenstein.

11. Defendant Dan Heinrich is a natural person residing in Rancho Cordova, California. He is sued in his individual capacity.

12. Defendant Samuel Tillery is a natural person residing in Clark County, Nevada. He is sued in his individual capacity.

FACTUAL ALLEGATIONS

13. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

14. In or around September 2022, Defendant Tillery introduced Plaintiff Wolkenstein to an investment opportunity in "Rubicoin LLC," claiming he had personally received returns from it and that it was trustworthy and safe.

15. Tillery introduced Plaintiff Wolkenstein to Defendant Heinrich, who instructed her to wire $50,000 to a Wells Fargo account titled "Elysium Fund."

16. The payment terms and representations were documented in a SAFT agreement dated December 15, 2021.

17. On September 15, 2022, Plaintiff Wolkenstein wired $50,000 to the designated account.

18. Heinrich only returned $15,000 in three $5,000 installments on May 22, 2024, May 31, 2024, and July 02, 2025; and withheld the remaining $35,000 despite repeated demands.

19. According to a second SAFT Agreement dated January 14, 2023, Plaintiff Knepp separately wired $6,000 to Heinrich under the same account, which was also never returned. Plaintiff Wolkenstein later reimbursed her daughter personally, incurring further loss.

20. On March 25, 2025, Heinrich messaged Wolkenstein stating that Rubicoin was finally progressing and that terms would be shared the following day. He added that his intent was to pay her back in full, saying, "I always give more than the actual amount."

21. In emails dated May 21 and May 27 of 2025, Heinrich again confirmed that he intended to repay both Plaintiffs in full. He acknowledged the outstanding balance of $41,000 and stated he was working on multiple avenues to raise funds and "reimburse 100%" of both

investments.

22. Research conducted by Plaintiffs shows that Rubicoin LLC is an inactive Wyoming entity as of September 8, 2024, and that Elysium Water Services LLC (alias: The Elysium Fund) is cancelled in Delaware.

23. No documentation of investment, securities registration, or business activity was ever provided by either Defendant.

24. Plaintiffs reported the fraud to the FBI's Internet Crime Complaint Center (IC3) and sent a written demand letter in May 2025.

25. Defendants' coordinated conduct demonstrates intent to defraud and has caused Plaintiffs significant financial and emotional harm.

CAUSES OF ACTION

Count I – Wire Fraud (18 U.S.C. § 1343)

(Against Heinrich)

26. Plaintiffs realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Defendant Heinrich engaged in a scheme to defraud Plaintiffs by means of false and fraudulent pretenses, representations, and promises, specifically through the solicitation of funds for an alleged investment in Rubicoin LLC.

28. As part of this scheme, Heinrich knowingly used or caused to be used interstate wire communications, including emails, telephone messages, and electronic bank transfers, in furtherance of this fraudulent conduct.

29. On or about September 15, 2022, in direct reliance on the misrepresentations made by Heinrich and Tillery, Plaintiff Wolkenstein wired $50,000 via interstate bank transfer from Nevada to a Wells Fargo account held under the name of "Elysium Water Services" or "The Elysium Fund," located outside the State of Nevada.

30. Heinrich falsely represented that Plaintiffs' investments would yield prompt returns and that the investment was legitimate, secure, and short-term. These representations were communicated across state lines through email, telephone, and the wiring instructions contained in the SAFT agreement.

31. Heinrich's actions satisfy the elements of wire fraud as defined in 18 U.S.C. § 1343, which prohibits any scheme or artifice to defraud using interstate wire communications. Plaintiffs' financial losses were the direct result of these wire-based fraudulent communications.

32. Heinrich's use of a bank account connected to a defunct corporate entity ("The Elysium Fund" a.k.a. "Elysium Water Services LLC") further demonstrates fraudulent intent and concealment.

33. As a result of Heinrich's violation of federal wire fraud statutes, Plaintiffs suffered a total loss of $41,000 in unrecovered funds, and other consequential and emotional damages.

Count II – Securities Fraud (15 U.S.C. § 78j(b); SEC Rule 10b-5)

(Against Heinrich and Tillery)

34. Defendants Heinrich and Tillery engaged in a fraudulent scheme to offer and sell securities, specifically, an investment agreement in the form of a SAFT (Simple Agreement for Future Tokens), without registering the securities or qualifying for an exemption, in violation of federal securities laws.

35. As part of the scheme, Defendants falsely represented the legitimacy and profitability of an investment into "Rubicoin LLC," promising high returns and portraying it as a safe, short-term investment, all while concealing that the entity receiving funds was inactive and unregistered.

36. The SAFT agreement relied upon by Plaintiffs included misleading terms and wiring instructions to an unrelated business account titled "Elysium Fund," linked to a cancelled Delaware entity, Elysium Water Services LLC.

37. Plaintiffs reasonably relied on these representations, unaware of the true status of Rubicoin LLC or the disconnected nature of the receiving bank account, which constituted material omissions and misstatements.

38. Defendants made these false statements and omissions knowingly, with intent to induce Plaintiffs' reliance and financial contribution.

39. As a direct and proximate result of the misrepresentations and omissions in violation of 15 U.S.C. § 78j(b) and SEC Rule 10b-5, Plaintiffs suffered financial losses and is entitled to recovery under federal securities law.

Count III – Fraudulent Misrepresentation
(Against All Defendants)

40. Defendants Heinrich and Tillery knowingly and intentionally made false representations to Plaintiffs regarding the existence, legitimacy, and expected performance of an investment opportunity in "Rubicoin LLC."

41. These misrepresentations included assurances that the investment was short-term, secure, and would yield returns within 60 days; that Rubicoin LLC was an active and lawful business entity; and that the funds would be used for a valid financial venture.

42. Defendants failed to disclose that Rubicoin LLC was no longer an active or registered entity and that the receiving account, "Elysium Fund," was associated with a Delaware entity, Elysium Water Services LLC, that had been cancelled prior to the transaction.

43. In direct reliance on these knowingly false representations, Plaintiffs wired funds via interstate bank transfer from Nevada to the Wells Fargo account identified in the SAFT contracts.

44. Defendants made these misrepresentations with the intent to induce Plaintiffs' reliance and to unlawfully obtain their funds.

45. Plaintiffs justifiably relied on Defendants' statements and would not have transferred funds had the true facts been disclosed.

46. As a direct and proximate result, Plaintiffs suffered a financial loss of $41,000 and substantial emotional harm.

Count IV – Conversion

(Against Heinrich)

47. Plaintiffs had a rightful ownership interest in the total $56,000 transferred to Defendant Heinrich via a Wells Fargo account labeled "Elysium Fund," which was purportedly connected to a legitimate investment opportunity.

48. Defendant Heinrich took possession of these funds under false pretenses and with an obligation to use them for the agreed investment purposes and return them within the promised 60-day period.

49. Instead of fulfilling this obligation, Heinrich retained a total of $41,000 of Plaintiffs' funds for personal or undisclosed use, refused to account for the money, and made continuous promises after multiple demands for repayment.

50. Heinrich exercised wrongful control and dominion over Plaintiffs' funds inconsistent with their ownership rights and in violation of the agreed-upon purpose for which the funds were transferred.

51. This conduct constitutes conversion under applicable law and caused Plaintiffs substantial financial harm, depriving them of rightful possession and use of their property.. These representations were communicated across state lines through email, telephone, and the wiring instructions contained in the SAFT agreement.

Count V – Unjust Enrichment

(Against All Defendants)

52. Plaintiffs conferred a direct financial benefit on Defendants by wiring a total of $56,000 based on their representations that the funds would be used for a legitimate investment in Rubicoin LLC.

53. Defendants accepted and retained the benefit of Plaintiffs' funds without providing the promised investment returns, documentation, or refund.

54. Defendants failed to perform any verifiable investment-related actions with the funds and instead used them for their own benefit or concealed their disposition entirely.

55. It would be unjust and inequitable for Defendants to retain the benefit of Plaintiffs' funds while Plaintiffs remains financially harmed and uncompensated.

56. As a direct result of Defendants' conduct, Plaintiffs are entitled to restitution in the amount of $41,000, the funds retained without justification, along with other relief deemed appropriate by the Court.

Count VI – Civil Conspiracy to Defraud

(Against All Defendants)

57. Defendants Dan Heinrich and Samuel Tillery entered into an agreement and acted in concert with the common purpose of defrauding Plaintiffs by soliciting funds through false pretenses and misrepresentations concerning an alleged investment in Rubicoin LLC.

58. Tillery used his personal relationship with Plaintiffs to create a false sense of trust and legitimacy, representing that he had previously invested with Heinrich and received returns. These statements were knowingly false and intended to induce Plaintiffs to rely on his referral.

59. Heinrich then executed the plan by providing fraudulent documentation and instructions to wire funds to a Wells Fargo account under the name "Elysium Fund," which was not associated with any legitimate, active, or registered investment vehicle.

60. Defendants coordinated their roles and communications, with Tillery serving as the introducer and Heinrich as the recipient and handler of funds, demonstrating a deliberate and planned course of conduct.

61. As a result of this conspiracy, Plaintiffs suffered unrecovered losses of $41,000, and endured

significant emotional distress.

62. Defendants' conduct was intentional, malicious, and done with reckless disregard for Plaintiffs' rights and well-being. Plaintiffs are therefore entitled to damages, including punitive damages, as a result of the conspiracy to defraud.

Count VII – Breach of Fiduciary Duty

(Against Tillery)

63. At all relevant times, Defendant Samuel Tillery occupied a position of trust and confidence with Plaintiffs by presenting himself as a spiritual leader, personal acquaintance, and advisor, which created a fiduciary relationship.

64. By virtue of this relationship, Tillery owed Plaintiffs a duty of honesty, loyalty, full disclosure, and to act in Plaintiffs' best interest when recommending any financial opportunity or person to handle Plaintiffs' funds.

65. Tillery breached this fiduciary duty by encouraging Plaintiffs to invest in what he claimed was a legitimate opportunity involving Rubicoin LLC, an entity that was inactive and unregistered, without disclosing material facts about the risks, legal status, or prior failures to return investments.

66. Tillery further breached his duty by failing to conduct any due diligence before referring Heinrich to Plaintiffs, or alternatively, by knowingly misrepresenting Heinrich's credibility and the security of the investment.

67. Rather than protecting Plaintiffs' interests, Tillery actively facilitated their exposure to fraud by vouching for Heinrich, enabling the wire transaction, and standing by without intervention when the promised returns failed to materialize.

68. As a direct and proximate result of Tillery's breach of fiduciary duty, Plaintiffs suffered significant financial loss, emotional distress, and was deprived of informed consent and fair dealing in the course of the transaction.

69. Plaintiffs are entitled to damages resulting from this breach, including restitution, compensatory damages, and punitive damages for Tillery's reckless and deceptive conduct.

Count VIII – Civil Theft (Cal. Penal Code § 496)

(Against Heinrich)

70. Defendant Heinrich knowingly received, withheld, and retained funds that were obtained by fraud and false pretenses, in violation of California Penal Code § 496(a), which prohibits receiving or retaining property obtained through theft or extortion.

71. Plaintiffs wired a total of $56,000 to a Wells Fargo account titled "Elysium Fund" based on Heinrich's misrepresentations that the money would be used for a legitimate, short-term investment through Rubicoin LLC.

72. Heinrich only returned $15,000, despite having no legal or contractual right to keep the remaining $41,000. He ignored Plaintiffs' repeated requests for repayment and failed to provide any accounting or legitimate explanation for the retention of funds.

73. Plaintiffs reasonably believed that Heinrich would either invest the funds as promised or return them if the investment did not occur. Instead, Heinrich appropriated the funds for his own benefit or otherwise misused them without Plaintiffs' consent.

74. Heinrich's conduct constitutes theft under California law, and his ongoing refusal to return the funds, despite knowing they were obtained through fraud, triggers civil liability under Cal. Penal Code § 496(c).

75. Pursuant to § 496(c), Plaintiffs are entitled to recover three times the amount of actual damages sustained, as well as costs of suit and reasonable legal fees.

76. As a direct and proximate result of Heinrich's unlawful conduct, Plaintiffs suffered financial damages in excess of $41,000 and is entitled to treble damages under California law.

Count IX – Intentional and Negligent Infliction of Emotional Distress

(Against All Defendants)

77. Defendants' conduct, including fraudulent misrepresentations, abuse of trust, and deliberate refusal to return Plaintiffs' funds, was extreme, outrageous, and beyond all bounds of decency in a civilized society.

78. Defendants knew or should have known that their conduct would cause severe emotional distress to Plaintiffs, especially given their vulnerable financial position, reliance on their word, and the personal nature of Tillery's relationship with them.

79. Heinrich acted intentionally by accepting Plaintiffs' funds under false pretenses and then refusing to provide reasonable updates, documentation, or repayment, knowing that Plaintiffs would be emotionally distressed by the loss of their life savings.

80. Tillery acted either intentionally or negligently by abusing a position of spiritual trust and friendship to encourage Plaintiffs to entrust money to Heinrich without disclosing the true nature of the risk or Heinrich's lack of accountability.

81. As a direct result of Defendants' conduct, Plaintiffs experienced substantial emotional distress, including anxiety, loss of sleep, mental anguish, financial insecurity, and ongoing fear of future fraud or exploitation.

82. Defendants' conduct was a substantial factor in causing this emotional harm, and their actions were undertaken either with intent or with reckless disregard for Plaintiffs' emotional well-being.

83. Plaintiffs are entitled to damages for emotional distress under both intentional and negligent infliction theories, including compensatory and punitive damages.

PRAYER FOR RELIEF

Plaintiffs respectfully request the Court award the following:

1. Compensatory damages in the amount of at least $41,000

2. Emotional distress damages in the amount of at least $50,000

3. Treble damages under Cal. Penal Code § 496

4. Punitive damages

5. Legal fees and costs

6. Prejudgment and postjudgment interest

7. Any further relief the Court deems just and proper

Respectfully submitted.

Executed this 33 day of June, 2025.

Wendy Wolkenstein
401 Crown Royale Court
Henderson, NV 89002
wendy.wolk1107@gmail.com

Rebecca Knepp
401 Crown Royale Court
Henderson, NV 89002

**JURY DEMAND**

Plaintiffs demands a jury trial on all issues so triable.

Respectfully submitted.

Executed this 23 day of June, 2025.

Wendy Wolkenstein
401 Crown Royale Court
Henderson, NV 89002
wendy.wolk1107@gmail.com

Rebecca Knepp
401 Crown Royale Court
Henderson, NV 89002

**CERTIFICATE OF SERVICE**

Plaintiffs, Wendy Wolkenstein and Rebecca Knepp, hereby certify that on this ___ day of

_____, 2025, I will cause the original Complaint for Damages to be filed with the Clerk

of the United States District Court for the District of Nevada either by personal service or by

U.S. Mail, addressed as follows:

Clerk of the Court

United States District Court

District of Nevada

Lloyd D. George U.S. Courthouse

333 Las Vegas Boulevard South

Las Vegas, NV 89101

Plaintiffs further certify that a copy of the Complaint will be served upon all named

Defendants after issuance of summons or waiver pursuant to Rule 4 of the Federal Rules of Civil

Procedure. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of June____, 2025.

*Wendy Wolkenstein*                          *Rebecca Knepp*

Wendy Wolkenstein                          Rebecca Knepp
401 Crown Royale Court                    401 Crown Royale Court
Henderson, NV 89002                       Henderson, NV 89002
wendy.wolk1107@gmail.com