**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WENDY WOLKENSTEIN and REBECCA KNEPP, | Case No.: 2:25-cv-01138-APG-NJK |
| Plaintiffs | **Order Granting Motion for Default Judgment** |
| v. | [ECF No. 16] |
| DAN HEINRICH and SAMUAL TILLERY, | |
| Defendants | |

The plaintiffs move for entry of default judgment against the defendants. ECF No. 16. The motion is replete with false citations to cases. For instance, it cites to *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) for the proposition that "fees for service of process are taxable costs under 28 U.S.C. § 1920(1)." ECF No. 16 at 12. That citation does not support that proposition. The motion cites to *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) for the proposition that the "Ninth Circuit has recognized that pro se litigants may recover reasonable costs for necessary assistance." *Id.* at 13. As its case citation indicates, the *Shum* case is from the Federal Circuit, not the Ninth Circuit, and it does not say what the plaintiffs say it does. Further, the motion cites to *Bd. Of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.,*, No. CV 12-02998 GAF, 2013 WL 12145215 at 4 (C.D. Cal. May 17, 2013) for the proposition that "[c]ourts consider whether defendants are amenable to service, whether they have attachable assets, and whether there are practical obstacles to enforcement." *Id.* at 17. No such case citation exists. The citation for *Bd. of Trs. Of the Boilermaker Vacation Tr. V. Skelly, Inc.* is 389 F. Supp. 2d 1222 (N.D. Ca. 2005), and it does not say what the plaintiff says it does.

It appears the plaintiffs used artificial intelligence (AI) to prepare their motion.  That is a perilous strategy as it often results in false citations, like occurred here.

When a party presents a filing to a court, such as a motion, the party certifies "that to the best of the [party's] knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).  This imposes an "affirmative duty of investigation . . . as to law . . . before motions are filed." *Golden Eagle Distrib. Corp., v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986).  This extends to pro se litigants just like lawyers. Fed. R. Civ. P. 11(b).

There has been a rise in fake authority cited in briefs, usually as the result of using generative AI software, like ChatGPT, to draft court filings. *Johnson v. MINI of Las Vegas*, No. 2:25-cv-00725-APG-EJY, 2025 WL 2718525, at *3 (D. Nev. Sept. 24, 2025).  Generative AI often invents fake cases and legal precedent, and using it is no excuse to not verify the veracity of citations.  Having to research fake authority and spend time chasing down what is not a real case wastes the court's time and resources.  Going forward, the plaintiffs are warned of their duty under Rule 11(b)(2) and that citing fake cases drafted by generative AI may violate this rule.  Failure to comply in the future may result in sanctions, such as an order to pay a penalty into the court, or nonmonetary directives. Fed. R. Civ. P. 11(c)(4).

Despite these shortcomings, the plaintiffs' motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default has been entered against the defendants. ECF No. 12.  I thus find good cause to grant the motion in part.  I decline to award the plaintiffs their paralegal costs because those are ordinarily not allowed under this court's

Local Rule 54-11(i). I likewise decline to award the plaintiffs their litigation costs (court filing fee of $405 and process service fee of $75) because those are taxable through a separate Bill of Costs submitted under 28 U.S.C. § 1920. I award the plaintiffs damages as follows:

Principal losses: $35,000 to Wendy Wolkenstein and $6,000 to Rebecca Knepp

Prejudgment interest: $8,471

Emotional distress damages: $20,000 to Wendy Wolkenstein and $5,000 to Rebecca Knepp

I THEREFORE ORDER that the motion for default judgment **(ECF No. 16) is granted in part**. The clerk of the court is directed to enter judgment in favor of the plaintiffs and against the defendants, joint and several, as follows:

Principal losses: $35,000 to Wendy Wolkenstein and $6,000 to Rebecca Knepp

Prejudgment interest: $8,471

Emotional distress: $20,000 to Wendy Wolkenstein and $5,000 to Rebecca Knepp

I FURTHER ORDER that post-judgment interest will accrue on the judgment from the date of entry until paid in full, as authorized under 28 U.S.C. § 1961.

DATED THIS 6th day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3